UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS R. REYES-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Civil No. 08-1103 (JAF) <br><br> (Crim. No. 05-323) |

**O R D E R**

Petitioner Luis R. Reyes-Gómez brings this motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 (2006). Docket Document No. 1. Respondent the United States of America opposes. Docket Document No. 3.

On November 29, 2005, Petitioner pled guilty to aiding and abetting the importation into the United States of 437.3 kilograms of cocaine in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2, and aiding and abetting possession with intent to distribute 437.3 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Crim. No. 05-323, Docket Document No. 31. On March 1, 2006, we sentenced Petitioner to two concurrent terms of imprisonment of 188 months and five years of supervised release. Crim. No. 05-323, Docket Document No. 46. The First Circuit affirmed the conviction and sentence on September 20, 2007. Crim. No. 05-323, Docket Document No. 99.

Civil No. 08-1103 (JAF)                                              -2-

Petitioner moved for habeas relief under § 2255 on January 24, 2008. Docket Document No. 1. Respondent opposed on March 31, 2008. Docket Document No. 3.

A federal district court has jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See § 2255. Section 2255 provides four grounds under which a federal prisoner challenging the imposition or length of his sentence may seek relief. The petitioner may argue that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum time authorized by law; or (4) the sentence is otherwise subject to collateral attack. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

Defendant asks that we vacate his sentence on the grounds that he received ineffective assistance from his counsel because counsel did not file a petition for certiorari on Petitioner's behalf. Docket Document No. 3.

To establish ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that he suffered prejudice as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 686-96 (1984). Prisoners, however, have no constitutional right to counsel for a discretionary appeal. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("States have no obligation to provide this avenue of relief . . . and when they do,

Civil No. 08-1103 (JAF)                                                -3-

the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well"); Ross v. Moffitt, 417 U.S. 600, 610-11 (1974) (explaining that counsel is not constitutionally mandated after a direct appeal because "[t]he defendant needs an attorney on appeal not as a shield . . . but rather as a sword to upset the prior determination of guilt"). Where there is no constitutional right to counsel, no deprivation of effective assistance exists. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982).

Accordingly, Petitioner has not alleged a constitutional violation or any other grounds upon which we could grant him habeas relief. We, therefore, deny Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, Docket Document No. 1.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 5th day of May, 2008.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge